IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ARTHUR L. BOWMAN | ) |
| | ) |
| v. | ) NO. 3:10-0627 |
| | ) |
| UNITED HEALTHCARE, INC., | ) |
| AMERICHOICE | ) |

**O R D E R**

On June 24, 2010, the pro se plaintiff filed the instant complaint, pursuant to 28 U.S.C. § 1915, against UnitedHealthcare, Inc., and AmeriChoice ("AmeriChoice").[1] AmeriChoice is a managed care organization that provides medical health benefits to Tennessee residents under Tennessee's TennCare program. The plaintiff alleged that AmeriChoice had refused to make a decision either authorizing or declining payment for a dental surgery which the plaintiff contends is medically necessary and is a threat to his health if not performed and for which he sought a prior authorization. The plaintiff subsequently filed a first amended complaint on August 27, 2010 (Docket Entry No. 21), in which he added three pages of additional argument to his original complaint. Id. at 9-11. AmeriChoice filed an answer (Docket Entry No. 26), and a scheduling order (Docket Entry No. 27) has been entered. Pending before the Court are several motions which are ruled on as follows.

The defendant's motion (Docket Entry No. 38) for an extension of the dispositive motion deadline is GRANTED. By a separate Order, the Court has granted the plaintiff's motion to add TennCare as a defendant. Given the inclusion of this new party, the Court shall enter a new scheduling order once the new defendant has filed an answer. Accordingly, the deadlines set out

---

[1] The defendant represents that its correct name is The UnitedHealthcare Plan of the River Valley d/b/a (doing business as) AmeriChoice, see Docket Entry No. 26 at 4 n.1. However, it appears that the plaintiff intended to name UnitedHealthcare, Inc., of River Valley and AmeriChoice as two separate defendants. See Docket Entry No. 1, at 3-4, and 9; Docket Entry No. 21, at 3-4 and 12; Docket Entry No. 33, at 3-4, and 13. For the purposes of convenience, the Court has referred herein to AmeriChoice as the defendant.

in the scheduling order entered September 15, 2010 (Docket Entry No. 27), are hereby VACATED and the evidentiary hearing set for February 16, 2011, is CANCELLED.

The plaintiff's motion (Docket Entry No. 39) for the issuance of a witness subpoena is DENIED as moot given the cancellation of the evidentiary hearing.

In the request to seal additional address document(s) (Docket Entry No. 30), the plaintiff seeks to seal in the record reference to his home address. The motion is GRANTED, and the Clerk is directed to maintain under seal the one page attachment to the motion listing the plaintiff's home address (Docket Entry No. 30, at 4). However, the Clerk will continue to mail all orders to the plaintiff at the post office address listed on the docket.

In his motion to seal documents (Docket Entry No. 34), the plaintiff seeks to seal the original copy of a redacted document attached to the plaintiff's reply (Docket Entry No. 32) to the defendant's answer. This motion is GRANTED, and the Clerk is directed to maintain under seal the original document (Docket Entry No. 35) referred to in the plaintiff's motion.

To the extent that the plaintiff filed a reply (Docket Entry No. 32) to the answer filed by the defendant, the reply shall not be considered as part of the record in this action. Rule 7(a)(7) of the Federal Rules of Civil Procedure requires that a reply be filed only upon order of the Court and no such order was entered by the Court. To the extent that the plaintiff seeks to rebut arguments or defenses raised by the defendant, he may raise such arguments if and when the defendant files a dispositive motion and/or at trial.

Finally, the Court notes that the most recent filing made by the plaintiff was contained in an envelope which was addressed directly to the undersigned and which failed to include the plaintiff's name in the return address. See Docket Entry No. 39. The plaintiff is advised that all filings mailed to the Court should be mailed to the Clerk and not addressed directly to the undersigned or any specific judge. Further, he should include his name in the return address.

Any party desiring to appeal this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must

be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for appeal. See Rule 72.02(b) of the Local Rules of Court.

     So ORDERED.

                                      JULIET GRIFFIN
                                      United States Magistrate Judge