IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ARTHUR L. BOWMAN | ) |
| | ) |
| v. | ) NO. 3:10-0627 |
| | ) |
| UNITED HEALTHCARE, INC.; | ) |
| AMERICHOICE; and THE BUREAU OF | ) |
| TENNCARE | ) |

TO: Honorable Kevin H. Sharp, District Judge

# REPORT AND RECOMMENDATION

By Order entered July 10, 2010 (Docket Entry No. 3), this civil action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial motions under, 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the Motion to Dismiss filed by the Bureau of TennCare (Docket Entry No. 84), to which the Plaintiff has filed a Response in Opposition. See Docket Entry No. 91. For the reasons set out below, the Court recommends that the motion be granted.

## I. BACKGROUND

The Plaintiff, a Tennessee resident, is a 61 year old male who suffers from a variety of medical ailments, including hypertension, diabetes, coronary artery disease, and periodontitis. As part of an examination in July 17, 2009, Dr. James Potts, the examining physician, assessed that the Plaintiff

was in urgent need of treatment for his periodontitis and faxed information to AmeriChoice, the Plaintiff's insurance carrier, concerning the Plaintiff's need for dental surgery. See Second Amended Complaint (Docket Entry No. 47), at 12, and Attachments (Docket Entry No. 47-1), at 2-3. The Plaintiff was again examined by Dr. Potts on December 4, 2009, who noted that the dental surgery had not occurred and that the Plaintiff continued to be at risk for possible progression of his coronary artery disease because of lack of treatment for his periodontitis. See Docket Entry No. 47-1, at 7-8. On that day, Dr. Potts submitted a prior authorization form to AmeriChoice seeking to have the dental surgery approved. Id. at 6. During this time period, the Plaintiff alleges that he was prescribed and took an antibiotic daily to combat any infection caused by the periodontitis. See Second Amended Complaint, at 7.

On June 24, 2010, the Plaintiff filed the instant action pro se and in forma pauperis against UnitedHealthcare, Inc., and AmeriChoice, asserting both diversity and federal question jurisdiction. The Plaintiff alleged that the defendants refused to make a decision either authorizing or declining payment for the dental surgery, failed to "perform their contractual agreement and/or arragement (sic) in accordance to the Bureau of TennCare," failed to follow "their employers' own rules and regulations, and laws and statutes related to Medicaid under the Social Security Act," and acted negligently. See Complaint (Docket Entry No. 1), at 9-10. The Plaintiff subsequently filed a First Amended Complaint on August 27, 2010 (Docket Entry No. 21), in which he added three pages of additional argument to the content of his original complaint. Id. at 9-11.

UnitedHealthcare, Inc., and AmericChoice filed an answer to the First Amended Complaint. See Docket Entry No. 26. In the answer, AmeriChoice states that its correct name is The UnitedHealthcare Plan of the River Valley d/b/a (doing business as) AmeriChoice. See Docket Entry

No. 26 at 4 n.1.[1] AmeriChoice admits that it is a managed care organization that provides medical health benefits to Tennessee residents under the State of Tennessee's TennCare program and that it received telecopies and telephone calls from the Plaintiff, but denies any allegations of wrongdoing.

By Order entered January 31, 2011 (Docket Entry No. 41), the Court granted in part and denied in part the Plaintiff's attempt to file another amended complaint and granted the Plaintiff's motion to add the Bureau of TennCare ("TennCare") as a defendant in the action. Although the Plaintiff was granted leave to amend his complaint, the Court specifically found that the Plaintiff had not stated viable claims in his proposed amended complaint under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, the Americans with Disabilities Act, and the Rehabilitation Act, and had not stated a claim upon which relief can be granted through his allegation of "violation of Social Security Act, under which Medicaid laws, provisions and statutes, as stated in title XIX pursuant to any federal or state waive, and other applicable federal law or amendment," and the Court did not permit the Plaintiff to include such claims in any amended complaint. See Docket Entry No. 41, at 2-3. The Court directed the Plaintiff to file a composite amended complaint fully setting out his allegations and claims against the defendants.

On February 16, 2011, the Plaintiff filed his Second Amended Complaint, which supplants all other pleadings filed by the Plaintiff in the action. See Docket Entry No. 47. The Second Amended Complaint largely copies verbatim the First Amended Complaint, but contains a few new paragraphs asserting the claims and requests for relief directed at TennCare. See Docket Entry

---

[1] It appears that the Plaintiff intended to name UnitedHealthcare, Inc., of River Valley and AmeriChoice as two separate defendants. See Docket Entry No. 1, at 3-4, and 9; Docket Entry No. 21, at 3-4 and 12; Docket Entry No. 33, at 3-4, and 13. However, resolving the instant motion does not require the Court to decide whether UnitedHealth Care, Inc., and Americhoice are a single defendant or two separate defendants. However, for the purpose of convenience, the Court will refer to AmeriChoice as the sole defendant.

No. 47, at 13-14, ¶ 10, and 15, at ¶¶ 4-7. However, the Second Amended Complaint contains no factual allegations specifically directed at the actions or inactions of TennCare.

Defendant TennCare seeks dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure asserting that it has sovereign immunity from the Plaintiff's lawsuit and that the Plaintiff has further failed to assert any cognizable basis for federal question jurisdiction involving TennCare. Alternatively, Defendant TennCare asserts that the Plaintiff's allegations are not sufficient to state claims against it upon which relief can be granted and the Second Amended Complaint should be dismissed as to it under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See TennCare's Memoranudm in Support (Docket Entry No. 85).

In response, the Plaintiff contends that jurisdiction does exist to hear his lawsuit, and he takes issue with the factual accuracy of statements made in Defendant TennCare's supporting memorandum. See Docket Entry No. 91. The Plaintiff also asserts that he is currently suffering from medical and/or mental issues related to his inability to obtain approval for a hormone replacement prescription and that he should not be "penalized" because of "blameless ignorance." Id. at 1 and 6.

## II. STANDARD OF REVIEW

A motion to dismiss brought under Rule 12(b)(1) or Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and

4

conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000), abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." Iqbal, 566 U.S. at 678-79. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

### III. CONCLUSIONS

The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of a Foreign State.

U.S. Const. Amend. XI.

As the Sixth Circuit succinctly stated in Thiokol Corp. v. Dep't. of Treasury, State of Mich, Revenue Div., 987 F.2d 376 (6th Cir. 1993):

> This immunity is far reaching. It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100-01, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), by citizens of another state, foreigners or its own citizens. Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890).

987 F.2d at 381. See also Alabama v. Pugh, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); Barton v. Summers, 293 F.3d 944, 948-49 (6th Cir. 2002). The protection provided by the Eleventh Amendment to a state or its agencies is abrogated in only two circumstances: 1) where a state has itself waived its immunity from federal suit; and 2) where Congress has abrogated the state's immunity. See Alden v. Maine, 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996).[2]

The Plaintiff fails to show that the State of Tennessee has waived its sovereign immunity or that Congress has abrogated the state's immunity for any of the claims which he brings against Defendant TennCare in this action. The Court recognizes that the Plaintiff is proceeding pro se and, thus, his pleadings must be liberally construed. See Boag v. MacDougall, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Nonetheless, his pleadings must still clearly identify a cognizable basis for bringing his claims against the state agency in federal court. Although the Plaintiff makes cursory references to some federal statutes in his complaint and refers to "federal law," he does not actually set out specific violations of any of these statutes, let alone assert that he has a private cause of action

---

[2]In some circumstances, the Eleventh Amendment does not preclude actions against state officials sued in their official capacity for prospective injunctive or declaratory relief. See Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). However, because a state official is not named as a defendant in this action, this exception is not relevant.

under any federal statute that is not barred by Eleventh Amendment sovereign immunity. See American Fed'n of Television and Radio Artists, AFL–CIO v. WJBK–TV, 164 F.3d 1004, 1007 (6th Cir. 1999) ("Merely referring to a federal statute ... does not establish federal jurisdiction"). See also Yagley v. Occupational Safety & Health Admin., U.S. Dept. of Labor, 461 Fed. Appx. 411, 415, 2012 WL 340291, *4 (6th Cir. Feb. 1, 2012) (pro se plaintiff's action subject to dismissal when she failed to set forth argument on the issue of sovereign immunity). The Court simply finds nothing in the Plaintiff's pleadings or in his Response in Opposition that rebuts the sovereign immunity argument raised by Defendant TennCare.[3]

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the Motion to Dismiss (Docket Entry No. 84) filed by Defendant Bureau of TennCare be GRANTED and that The Bureau of TennCare be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See

---

[3] The Court notes that a fair reading of the Second Amended Complaint suggests that the Plaintiff's claims against TennCare, to the extent that they can be gleaned from the Second Amended Complaint in light of the absence of factual allegations involving TennCare, are not based upon any action or inaction by TennCare with respect to the dental surgery at issue, but are instead based upon events involving the Plaintiff's records requests or the content of the Plaintiff's medical records held by TennCare. See Docket Entry No. 47, at 13.

Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge