# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| **ARTHUR L. BOWMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 3:10-cv-0627** |
| **v.** | ) | |
| | ) | **Judge Sharp** |
| **UNITED HEALTHCARE, INC.,** | ) | **Magistrate Judge Griffin** |
| **AMERICHOICE, and THE BUREAU** | ) | |
| **OF TENNCARE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

*Pro se* Plaintiff Arthur Bowman filed this civil action *in forma pauperis* against Defendants United Healthcare, Inc. and AmeriChoice[1] on June 24, 2010, wherein he asserted both diversity and federal question jurisdiction. (Docket Entry No. 1 at 1-2). Plaintiff subsequently filed a Second Amended Complaint, asserting claims and requests for relief directed at The Bureau of TennCare ("TennCare"). *See* (Docket Entry No. 47 at 13-14 at ¶10, and 15 at ¶¶ 4-7). Plaintiff contends that Defendants refused to make a decision either authorizing or declining payment for dental surgery, failed to "perform their contractual agreement and/or arragement [sic] in accordance to the Bureau of TennCare," failed to follow "their employers' own rules and regulations, and laws and statutes related to Medicaid under the Social Security Act," and acted negligently. (Docket Entry No. 1 at 9-10).

---

[1] In its *Answer to Amended Complaint*, AmeriChoice contends "Defendant is not properly identified. The proper identity of the Defendant is The UnitedHealthcare Plan of the River Valley, Inc. d/b/a AmeriChoice." *See* (Docket Entry No. 26 at n. 1).

1

On January 11, 2012, Defendant TennCare filed *State Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint []* (Docket Entry No. 84), to which Plaintiff filed a response in opposition. (Docket Entry No. 91).

The Magistrate Judge entered a Report and Recommendation ("R & R") (Docket Entry No. 102) in this case on September 27, 2012[2], concluding "[a]lthough the Plaintiff makes cursory references to some federal statutes in his complaint and refers to "federal law," he does not actually set out specific violations of any of these statutes, let alone assert that he has a private cause of action under any federal statute that is not barred by Eleventh Amendment sovereign immunity." *See* (Id. at 6-7). Therefore, recommending that the "Motion to Dismiss (Docket Entry No. 84) filed by Defendant Bureau of TennCare be GRANTED and that The Bureau of TennCare be DISMISSED WITH PREJUDICE." (*Id.* at 7). No objections have been filed to the R & R.

Where no objections are made to the R & R, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b). Having thoroughly reviewed the record in this case and the applicable law in accordance with Rule 72(b), the Court will accept the R & R.

Accordingly, the Court hereby rules as follows:

(1) The Report and Recommendation (Docket Entry No. 77) is hereby ACCEPTED and APPROVED;

(2) Defendant TennCare's Motion to Dismiss (Docket Entry No. 84) is hereby GRANTED; and

(3) Defendant TennCare is hereby DISMISSED WITH PREJUDICE.

---

[2] Plaintiff received the R & R on October 3, 2012, via certified mail. *See* (Docket Entry No. 104).

This action is hereby returned to the Magistrate Judge for further pretrial management in accordance with Local Rule 16.01.

**It is SO ORDERED.**

_Kevin H. Sharp_
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE